SERGEANT C. WHITCHER & others *vs.* GEORGE W. JOSSLYN
& others.

Under an order of the court, allowing a plaintiff to take out a new writ of summons to a
new defendant, the plaintiff may take out a writ of summons and attachment, and cause
the new defendant's goods to be attached thereon; and a bond given to dissolve an
attachment so made is valid.

HOAR, J.  This is an action upon a bond which was given
to dissolve an attachment.  A suit was originally brought by
the plaintiffs against one Mills, who pleaded the non-joinder of
Josslyn as a co-defendant.  The plaintiffs thereupon moved that
Josslyn should be made a co-defendant, and that a new writ of
summons should issue to him, requiring him to appear and
answer.  This motion was allowed by the court, and the plain-
tiffs took out a writ of summons and attachment, and caused
Josslyn's goods to be attached upon it; and this bond was given
to dissolve the attachment.  Josslyn and his sureties on the
bond now contend that this was irregular, and that the bond
is of no validity.

It is provided by Gen. Sts. *c.* 129, § 36, in relation to making
such new party defendant, that " the plaintiff may thereupon
take out a new writ in such form as the court prescribes, which
shall be in the nature of an original writ of *capias* and attach-
ment, or of summons, and shall require the new defendant to
appear and answer as a defendant in the original action.  Upon
such writ the new defendant's body may be arrested, or his
goods or estate may be attached, as upon an original writ," &c.
And the argument is, that, by allowing a writ of summons, the
court did not authorize a writ of summons and attachment.

But we think this is too narrow a view of the meaning of
the statute, and cannot be supported.  By Gen. Sts. *c.* 123, § 10,
" The original writ may be framed, either

" To attach the goods or estate of the defendant, and, for
want thereof, to take his body ; or

" It may be an original summons, with or without an order to attach the goods or estate."

Taking the two sections together, when the court is empowered to prescribe a writ of summons, we are of opinion that such a writ of summons was intended as is described in *c.* 123, " with or without an order to attach the goods or estate ; " and that the court having made no order which it should be, it was, as usual in respect to such a writ, at the option of the plaintiff. The second clause of *c.* 129, § 36, obviously contemplates that an attachment may be made upon either kind of writ ; and the writ sued out by the plaintiffs was within the order which the court made. *Exceptions overruled.*

*E. F. Hodges,* for the defendants.

*F. A. Brooks,* for the plaintiffs.